**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| ARTEMUS USA LLC, | : | Case No. 22-10281 (JKS) |
| | : | |
| Debtor. | : | **Objection Deadline: May 4, 2022 at 4:00 p.m.** |
| | : | **Hearing Date: June 7, 2022 at 10:00 a.m.** |

### APPLICATION OF JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE TO RETAIN AND COMPENSATE CEDRIC AUTET AS A CONSULTANT

Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby applies to this Court for entry of an order authorizing the Trustee to retain and compensate Cedric Autet ("Autet") as a consultant to perform certain discrete tasks for the Estate pursuant to 11 U.S.C. §§ 105(a) and 363(b), and granting related relief. In support of this application (the "Application") the Trustee relies upon the *Declaration of Cedric Autet in Support of Retention*, attached hereto as Exhibit "A". In further support of the Application, the Trustee respectfully represents:

### Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

4. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, the Trustee consents to the entry of a final order with respect to this

Application if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## Background

5. On April 1, 2022, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6. On April 1, 2022, Jeoffrey L. Burtch was appointed as interim trustee of the Estate pursuant to Section 701 of the Bankruptcy Code.

## Relief Requested

7. By this Application, the Trustee requests entry of an order, substantially in the form attached hereto, authorizing the retention and compensation of Cedric Autet, the Debtor's former chief operating officer, as a consultant to the Estate for the limited purposes discussed herein.

8. The Trustee requested that Autet commence performing services on April 5, 2022, and hereby requests that Autet's retention be authorized as of such date.

## The Retention of Autet

9. The Trustee seeks authorization to retain Autet as a consultant to provide discrete and limited services. Specifically, the Trustee intends to seek Autet's assistance with the liquidation of Estate assets.

10. The Trustee believes that the retention of Autet as a consultant in this case is in the best interests of the Estate and its creditors. The Trustee believes, based upon the *Declaration of Cedric Autet in Support of Retention* (the "Autet Declaration"), which is attached hereto at Exhibit "A", that Autet does not hold or represent any interest adverse to the Debtor or

the Estate, and is well-qualified to perform the services required by the Trustee on behalf of the Estate.

### Scope of Services

11. The Trustee currently seeks to retain Autet, subject to Court approval, as follows (hereinafter referred to as the "Discrete Tasks"):

    A. To assist the Trustee and his counsel in providing historical information and insights regarding the Debtor's business to facilitate the administration of this case;

    B. To assist the Trustee in the identification, marshalling and sale of assets of the Estate; and

    C. To support other administrative and ministerial services that the Trustee may require in winding up the Estate.

### Compensation

12. If the Court approves the relief requested herein, Autet will be retained to provide the Estate with the Discrete Tasks pursuant to Section 363(b) of the Bankruptcy Code. Because Autet is not being retained as a professional under Section 327, he will not be required to submit fee applications pursuant to Sections 330 and 331. Instead, Autet will file with the Trustee an invoice with detailed time entries for services performed and receipts for any actual out of pocket expenses, no more often than every two weeks.

13. Autet has agreed to a rate of $100 per hour. Autet's out of pocket expenses (including transportation, lodging, meals, communications, supplies, copying, etc.) will be billed at the actual amounts incurred. Travel time during which no work is performed shall be itemized separately and billed at fifty percent (50%) of the aforementioned hourly rate.

14. Given the limited services that Autet is to perform under this engagement, Autet's commitment to the variable level of time and effort necessary to perform the Discrete Tasks, and the market prices for such services for engagements of this nature in an out-of-

court context, as well as in bankruptcy proceedings, the Trustee submits that the fee arrangement set forth herein is reasonable.

### Basis for Relief Requested

15. The Trustee seeks approval of Autet's retention pursuant to Section 363 of the Bankruptcy Code. Section 363(b)(1) provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, pursuant to Section 105(a), the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. The Trustee's use of assets pursuant to Section 363(b) is evaluated on a reasonable exercise of business judgment standard. The Trustee proffers that Autet's retention is a sound exercise of his business judgment. Autet has significant background knowledge with respect to the Estate's assets, including specific liquidation procedures related thereto, to complete the Discrete Tasks. Indeed, Autet's familiarity with the Debtor's business should minimize the time (and expense) necessary to complete such tasks.

17. Based upon the foregoing, the Trustee submits that Autet's retention and compensation on the terms set forth herein is reasonable, appropriate and in the best interests of the Estate and its creditors.

### Notice

18. Notice of this Application has been provided to: (i) Debtor's counsel; (ii) the United States Trustee; (iii) Autet; and (iv) all parties in interest having requested notice pursuant to Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, Jeoffrey L. Burtch, the Chapter 7 Trustee, respectfully requests that this Court enter the proposed Order attached hereto: (i) authorizing the retention and compensation of Cedric Autet as a consultant to the Estate; and (ii) granting such other and further relief as is just and proper.

Dated:  April 19, 2022

*/s/ Gregory F. Fischer*
Mark E. Felger (DE No. 3919)
Gregory F. Fischer (DE No. 5269)
Cozen O'Connor
1201 N. Market Street, Suite 1001
Wilmington, DE 19801-1147
Telephone (302) 295-2000
Facsimile (302) 295-2013
mfelger@cozen.com
gfischer@cozen.com

*Proposed Counsel to the Interim Trustee*