**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| ARTEMUS USA, LLC, | ) Case No. 22-10281 (JKS) |
| | ) |
| Debtor. | ) **Hearing Date: September 8, 2022 at 11:00 a.m. ET** |
| | ) **Objection Deadline: Sept. 1, 2022 at 4:00 p.m. ET** |

**MOTION OF DURST BUILDINGS CORPORATION (I) FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 7 CASE, OR, ALTERNATIVELY, (II) FOR ENTRY OF AN ORDER STAYING THE CHAPTER 7 CASE AND GRANTING RELIEF FROM THE AUTOMATIC STAY (A) TO CONTINUE DISSOLUTION PROCEEDINGS CURRENTLY PENDING IN DELAWARE COURT OF CHANCERY, AND (B) TO PERMIT DURST TO MOVE IN DELAWARE COURT OF CHANCERY FOR AN ORDER DETERMINING THAT THE COURT OF CHANCERY APPOINTED LIQUIDATING TRUSTEE WAS NOT AUTHORIZED TO FILE THE DISSOLVED DEBTOR FOR CHAPTER 7 BANKRUPTCY**

Movant, Durst Buildings Corporation ("Movant" or "Durst"), as creditor and 50% membership interest holder of the above-captioned Debtor, Artemus USA, LLC, by and through Movant's undersigned counsel, hereby respectfully moves (I) For Entry of an Order Dismissing the Chapter 7 Case, or Alternatively, (II) For Entry of an Order Staying the Chapter 7 Case and Granting Relief From the Automatic Stay, Pursuant to Section 362(d)(1) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), (a) To Continue Dissolution Proceedings Pending in Delaware Court of Chancery, and (b) To Permit Durst to Move in Delaware Court of Chancery for an Order Determining That the Court of Chancery Appointed Liquidating Trustee Was Not Authorized to File the Dissolved Debtor for Chapter 7 Bankruptcy, (the "Motion"), and submits the accompanying declaration in support thereof.

## PRELIMINARY STATEMENT

In October 2021, the Movant, along with Edelman Family Co., LLC ("Edelman"), the Debtor's other 50% membership interest holder, agreed to a dissolution order and the Delaware Court of Chancery approved and signed that "Dissolution Order", which dissolved the Debtor and appointed a trustee (the "Liquidating Trustee") to wind up the Debtor in accordance with the Dissolution Order in a Delaware Court of Chancery dissolution proceeding styled *Edelman Family Co., LLC v. Durst Buildings Corporation and Artemus USA, LLC,* C. A. No. 2021-0626-JTL (the "Dissolution Action"). By April 2022, both membership interest holders were in the process of finalizing terms, in consultation with the Liquidating Trustee, for an agreement settling disputes between the membership interest holders and modifying the dissolution plan for the Debtor that had been proposed by the Liquidating Trustee. The proposed resolution and modified plan would satisfy creditors from cash and artwork proceeds, distribute over $300,000 to the Movant, and reaffirm the Debtor with Edelman as its sole member to continue its business and third-party litigation thereby assuming liability for any unpaid disputed claims against the Debtor. Membership interest holders informed the Liquidating Trustee before and after April 2022 that this proposed resolution was pending and that filing the Debtor for bankruptcy under the Bankruptcy Code would be substantially worse for creditors and stakeholders and contrary to the very Dissolution Order through which the Liquidating Trustee was appointed and ordered to wind up the Debtor in Delaware Court of Chancery (not in a bankruptcy proceeding).

However, in April 2022, the Liquidating Trustee filed the dissolved Debtor for Chapter 7 bankruptcy without the consent of Debtor's members or the Delaware Court of Chancery and without amendment to the Dissolution Order. After being unable to persuade the Chapter 7 Trustee to voluntarily to dismiss this bankruptcy, Movant now brings this Motion to dismiss the bankruptcy

in favor of the intended Dissolution Action and the members' proposed settlement which will provide substantially greater return to creditors and stakeholders than a Chapter 7 bankruptcy. Alternatively, the Motion seeks an order staying the bankruptcy and granting relief from the automatic stay to allow the intended Dissolution Action to continue with the members' proposed settlement and to allow Movant to seek a determination from the Delaware Court of Chancery that the Liquidating Trustee did not have authority to file the Debtor for bankruptcy.

## RELEVANT BACKGROUND

1. On July 19, 2021, Edelman, as 50% membership interest holder and former manager of the Debtor instituted the Dissolution Action in Delaware Court of Chancery seeking an order (1) declaring that Artemus USA LLC (the "Company") is dissolved pursuant to the Company's operating agreement and 6 *Del. C.* §§ 18-801, 18-802 and (2) appointing a liquidating trustee to wind up the business and affairs of the Company pursuant to 6 *Del. C.* § 18-803.

2. On October 21, 2021, Edelman and Durst (each a "Member"), which together comprise 100% of the Debtor's membership interests, filed in the Dissolution Action a *Stipulation and [Proposed] Order Dissolving Artemus USA LLC and Appointing Liquidation Trustee*.

3. On October 25, 2021, the Delaware Court of Chancery approved and entered the *Stipulation and [Proposed] Order Dissolving Artemus USA LLC and Appointing Liquidation Trustee* (defined herein as the Dissolution Order), which, among other things, formally dissolved the Debtor and appointed the Liquidating Trustee "to wind up the [Debtor]'s business and affairs in accordance with th[e] Order and Delaware law." *See* Dissolution Order at ¶3, attached hereto as **Exhibit A**.

4. The Dissolution Order required the Liquidating Trustee to wind up the Debtor by

3

submitting a plan of dissolution and implementing it with approval from Delaware Court of Chancery to make distributions:

> a. First, to satisfy any funds owed to the Liquidating Trustee or expenses of the Trusteeship.
>
> b. Second, to fund a reserve sufficient to pay any franchise tax or filing fee that the Company shall be required to pay under the laws of Delaware in connection with its dissolution and the cancellation of its qualification to do business.
>
> c. Third, to known creditors in satisfaction of any Claim brought before the Claim Deadline, including but not limited to any timely Claim asserted by a Member for indemnification or reimbursement.
>
> d. Fourth, to the Company's Members on a pro rata basis and as provided by the Company's Second Amended and Restated Operating Agreement dated September 12, 2017.

*See* Dissolution Order at ¶15.

5. On December 31, 2021, the Liquidating Trustee filed a proposed dissolution plan (the "Plan") a redacted copy of which is attached hereto as **Exhibit B**. On February 23, 2022, each of the Members filed an objection to the Liquidating Trustee's proposed Plan. On March 8, 2022, each of the Members filed a reply to each other's objection. On March 21, 2022, the Delaware Court of Chancery scheduled a June 3, 2022, hearing for the proposed Plan, as well as for the objections and replies thereto.

6. While the Members had previously been unable to resolve their disputes and objections to the proposed Plan, Edelman's March 8, 2022 reply to Durst's objection concluded by requesting the following, which became the core terms of a proposed agreement (the "Proposed Resolution") to resolve the Members' disputes and Plan objections and for consensual modification of the Plan:

> direct the [Liquidating] Trustee to (i) correct or withdraw the various unsupported opinions and assumptions in the Plan (addressed in Petitioner's

> Objections), (ii) use the Company's cash on hand to satisfy the SBA Loan, (iii) promptly sell the Company's artwork, (iv) pay all of the Company's outstanding liabilities, including amounts owed to the various law firms and Edelman Co.'s indemnity and reimbursement claims, (v) pay Durst any remaining amounts in exchange for the assignment of Durst's membership interest to Edelman Co., and (vi) turn over the Litigation to Edelman Co.,
> …

*See* Edelman's March 8, 2022 reply ("Edelman's Reply") attached as **Exhibit C**, at p. 10.

7. Under this Proposed Resolution, using the Company's cash and available artwork sale proceeds to satisfy all undisputed claims would net no less than approximately $365,167.41 in remaining amounts to be distributed to Durst on account of its indemnification claim against and its membership interest in the Company. This can be confirmed, even to date, in the Schedules of Assets and Liabilities [Doc. 2] and the June 14, 2022 Amended Schedules of Assets and Liabilities [Doc. 24] filed by the Liquidating Trustee on behalf of the Debtor in this Chapter 7 bankruptcy.

| | |
|---|---:|
| Debtor's cash and cash equivalents from Amended Schedule A/B | $215,538.78 |
| Debtor's 2 works of art by Frank Stella from Amended Schedule A/B | $1,000,000.00 |
| Debtor's 1 work of art by Jules Olitski from Amended Schedule A/B | $35,000.00 |
| **Total cash and artwork** | **$1,250,538.78** |
| Secured Claim from Amended Schedule D | $159,322.87 |
| Total Unsecured Claims from Amended Schedule E/F | $2,016,073.50 |
| Disputed Unsecured Claim from Amended Schedule E/F | $450,000.00 |
| Disputed Unsecured Claim from Amended Schedule E/F | $840,025.00 |
| **Total Claims from Amended Schedules D and E/F net of disputed claims** | **$885,371.37** |
| *Cash and artwork proceeds net of total undisputed claims* | *$365,167.41* |

8. And under this Proposed Resolution, in exchange for the foregoing distribution of net cash and artwork proceeds, Durst would assign its 50% membership in the Debtor to Edelman and amend the Dissolution Order to reaffirm the Debtor with Edelman as its sole member to continue Debtor's business and thereby assume liability for the unpaid disputed claims against the Debtor, which include AOI Asset Fund 2017's $450,000 litigation claim and the Permanent Mission of the Republic of Uganda's $840,025.00 claim, see Amended Schedule E/F [Doc. 24] at 3.1, 3.9.

Reaffirming the Debtor and assigning it to Edelman with assumption of such disputed claims is a key feature of the Proposed Resolution that is not available in a Chapter 7 bankruptcy proceeding.

9. Finally, this Proposed Resolution would provide for Debtor's litigation claims against third parties to be assigned to Edelman. While such litigation claims are listed in the amended Schedule A/B filed by the Liquidating Trustee as $3,760,482.00 accounts receivable and $650,000 causes of action against third parties, such litigation claims are highly-contingent future assets—which have extremely large ongoing cash burdens and for which is it difficult to assign any net present value, see the Plan at p. 2.

10. However, while Members were working to finalize the Proposed Resolution in the Dissolution Action, in April 2022, without consent from the Members or the Delaware Court of Chancery which had appointed the Liquidating Trustee, the Liquidating Trustee caused the Company to file a voluntary petition for relief under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

11. Thereafter, Members engaged in communications with the Liquidating Trustee, the Chapter 7 Trustee and his attorneys seeking their consent to dismissal of this Chapter 7 bankruptcy to allow the Proposed Resolution to be consummated in the Dissolution Action. Having been unable to obtain their consent, Durst now brings this Motion.

## JURISDICTION AND VENUE

12. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

13. This is a core proceeding pursuant to 28 U.S.C. § 157(b). For purposes of Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Movant consents to entry of a final order

under Article III of the United States Constitution on the sole issues of whether this case should be dismissed and whether cause exists to justify granting relief from the automatic stay.

## ARGUMENT AND RELIEF REQUESTED

14. This Motion is brought pursuant to Bankruptcy Code sections 707(a) and 362(d), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1. Movant requests (I) entry of an order dismissing the Chapter 7 case so that the Proposed Resolution can be consummated in the Dissolution Action for greater returns to creditors and stakeholders, or alternatively, (II) entry of an order staying the Chapter 7 case and granting relief from the automatic stay, pursuant to Bankruptcy Code section 362(d)(1), to continue dissolution proceedings currently pending in Delaware Court of Chancery to consummate the Proposed Resolution and to permit Durst to move in Delaware Court of Chancery for an order determining that the Court of Chancery appointed Liquidating Trustee was not authorized to file the dissolved Debtor for Chapter 7 bankruptcy.

**The Bankruptcy Should Be Dismissed Pursuant To Section 707(a) Because It Was Filed Without Authorization And Is Not In The Best Interests of Creditors And Stakeholders Since This Two-Party Dispute Between Debtor's Members Was Being More Efficiently Addressed In The Delaware Dissolution Action**

15. Section 707(a) of the Bankruptcy Code provides for the dismissal of a chapter 7 case "for cause." 11 U.S.C. § 707(a). While subsection (a) includes several examples of 'cause,' the list is not exhaustive. *See In re Krueger*, 812 F.3d 365, 370 (5th Cir. 2016) ("The statute lists three grounds 'for cause' that all courts have understood as illustrative, not exclusive . . ."); *In re Kempner*, 152 B.R. 37, 39 (D. Del. 1993) ("Courts interpreting § 707(a) have held that the three grounds 'for cause' to dismiss a Chapter 7 petition expressly enumerated in § 707(a) . . . are not intended as an exhaustive list."); *see also* 6 Collier on Bankruptcy ¶ 707.03[1] (16th ed. 2021) ("The examples [in section 707(a)] are merely illustrative, and the court may dismiss the case on

7

other grounds when cause is found to exist."). Instead, the decision to dismiss under section 707 "is guided by equitable considerations and is committed to the sound discretion of the bankruptcy court." *In re Murray*, 900 F.3d 53, 58 (2d Cir. 2018); *see also In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000) ("[T]he decision to dismiss a petition for lack of good faith rests within the sound discretion of the bankruptcy court.").

16. Section 707(a) "covers both voluntary and involuntary cases." *In re MacFarlane Webster Assocs.*, 121 B.R. at 696. Much like dismissal under section 1112(b), *courts have exercised discretion to dismiss under section 707(a) in instances where the case is in essence a two-party dispute capable of resolution in another forum; where the case would not serve the underlying purposes of the Bankruptcy Code, and where judicial economy and efficiency thus favor dismissal; and where the petitioner exhibits bad faith.* Effectively, all of these circumstances are present here; this case is a prime candidate for dismissal.

17. First, this is effectively a two-party dispute between the Debtor's Members that is capable of and was being more efficiently resolved in the Delaware Court of Chancery Dissolution Action pursuant to the Dissolution Order wherein the Members agreed, and the Delaware Court of Chancery approved and ordered the Liquidating Trustee to resolve this matter and wind up the Debtor in the Dissolution Action in that Court (not in a bankruptcy proceeding before this Court). *See In re Bilzerian*, 258 B.R. 850, 858 (Bankr. M.D. Fla. 2001), aff'd, 276 B.R. 285 (M.D. Fla. 2002), *aff'd sub nom. Bilzerian v. SEC*, 82 F. App'x 213 (11th Cir. 2003) (dismissing chapter 7 case in favor of pending litigation in separate forum noting that court appointed receiver would "[f]unctionally . . . be acting as a Chapter 7 trustee . . . under the control of a federal district court judge—the same judge that has vast familiarity with the background of this case . . ."); *In re*

*Murray*, 900 F.3d at 61 (affirming bankruptcy court's dismissal of chapter 7 case, and its finding that the "petition was part of a long-running, two party dispute").

18. Second, this Chapter 7 Case will serve no valid bankruptcy purpose, and thus judicial economy militates in favor of dismissal. There is no need for the increased costs associated with a bankruptcy and the fees and expenses of the Chapter 7 Trustee and his professionals. There is no need for the automatic stay since no secured creditor or judgment creditor is foreclosing or taking any action against Debtor's assets. Unlike the Delaware Court of Chancery Dissolution Action, a Chapter 7 bankruptcy of the dissolved Debtor cannot reaffirm the Debtor with Edelman as its sole member assuming the disputed claims, which is a material component of the Proposed Resolution to enable satisfying all undisputed claims and distribution to Members. As above, creditors are much more likely to be made whole and Members are much more likely to receive substantial distribution from the Proposed Resolution in the intended Dissolution Action. Indeed, the Members chose the Delaware Court of Chancery proceeding, as opposed to a bankruptcy, because its superior "cost, speed, and flexible procedural rules are the key factors to why a Delaware receivership proceeding may be better suited than a bankruptcy proceeding for debt and equity holders of an insolvent corporation" such as this one, and this is an issue that Judge Laster presiding over the Dissolution Action has written about at length.[1] *See In re Lots by Murphy, Inc.*, 430 B.R. 431, 436 (Bankr. S.D. Tex. 2010) (dismissing chapter 7 case where there were no assets to satisfy creditor claims and case would thus not serve the purposes underlying the Bankruptcy Code, noting that *"[n]either the bankruptcy courts, nor the creditors should be subjected to the costs and delays of a bankruptcy proceeding under such conditions"* (citation omitted) (emphasis

---

[1] See Hon. J. Travis Laster, The Chancery Receivership: Alive and Well, 28 Del. Law 12, 15-16 (Fall 2010); see also https://news.bloomberglaw.com/bankruptcy-law/the-delaware-receivership-proceeding-another-tool-for-debt-and-equity-holders.

9

added); *In re MacFarlane Webster Assocs.,* 121 B.R. at 695, 704 (dismissing involuntary chapter 7 commenced by junior creditor, noting that only estate assets "consist[ed] of claims to avoid a pre-petition foreclosure by the senior mortgagee," and because such an action would not clear the secured debt, "[d]ismissal would result in no prejudice to the general creditors if any").

19. Finally, whether or not this Chapter 7 filing was meant to be filed in good faith, the Liquidating Trustee filed it without proper authorization, against the will of the Debtor's Members, without consent from the Delaware Court of Chancery that appointed and ordered him to wind up the Debtor in that Court (not Bankruptcy Court), and in contravention of the Dissolution Order which dissolved the Debtor and ordered the Liquidating Trustee to wind up the Debtor in the Dissolution Action. The Bankruptcy Petition, therefore, must be treated as filing made without good faith for purposes of section 707(a) dismissal. *See In re Tamecki*, 229 F.3d at 207 ("Section 707(a) allows a bankruptcy court to dismiss a petition for cause if the petitioner fails to demonstrate his good faith in filing . . ."); *In re Krueger*, 812 F.3d at 370 ("[A] debtor's bad faith in the bankruptcy process can serve as the basis of a dismissal 'for cause.' . . ."). *In Tamecki*, the Third Circuit explained that good faith in the context of section 707(a) dismissal should be assessed "on an ad hoc basis and [courts] must decide whether the petitioner has abused the provisions, purpose, or spirit of bankruptcy law." 229 F.3d at 207 (citation omitted). "Once a party calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith." *Id.; see also In re Crest By The Sea, LLC,* 522 B.R. 540, 547 (Bankr. D.N.J. 2014) (same). "[I]n deciding a motion to dismiss based upon a debtor's lack of good faith, a bankruptcy court may consider all of the facts and circumstances surrounding the debtor's filing of the bankruptcy petition." *Perlin v. Hitachi Cap. Am. Corp.,* 497 F.3d 364, 374 (3d Cir. 2007); *see also In re Bilzerian*, 258 B.R. at 857 ("cause" under section 707 "requires an analysis of all of the facts and circumstances leading

up to the filing of this case to include the debtor's motive in filing the case, the purposes which will be achieved in this case, and whether the debtor's motive and purposes are consistent with the purpose of chapter 7 . . ."). "Bad faith may be found … when there is an abuse of the judicial process." *In re Kempner*, 152 B.R. at 39.

### If The Court Will Not Dismiss This Bankruptcy, It Should Be Stayed And Grant Relief From The Automatic Stay To Continue The Dissolution Action And Permit Members To Move For Delaware Court of Chancery's Determination That The Liquidating Trustee Was Not Authorized To File The Debtor For Chapter 7 Bankruptcy

20. If this Court will not dismiss this Chapter 7 case, then for the same reasons above the Court should enter an order staying the Chapter 7 case and granting relief from the automatic stay, pursuant to Bankruptcy Code section 362(d)(1), to allow the Dissolution Action pending in Delaware Court of Chancery to consummate the Proposed Resolution and to permit any Member to move in Delaware Court of Chancery for an order determining that the Court of Chancery appointed Liquidating Trustee was not authorized to file the dissolved Debtor for Chapter 7 bankruptcy.

21. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause . . ." 11 U.S.C. §362(d).

22. "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852m 856 (Bankr. D. Del. 2007).

23. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice . . . would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Rexene*

*Products*, 141 B.R. 574, 576 (Bankr. D. Del. 1992), quoting H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

24. In this instance, there are many factors weighing heavily in favor of granting Movant relief from the automatic stay so that the Dissolution Action can continue to its completion.

25. First, the automatic stay should be lifted where the matter in dispute would be resolved more economically, conveniently, and quickly in a non-bankruptcy forum. *In re Gemini Equip. Bus. Tr.*, No. BK. 05-03489, 2005 WL 3050174 at *4 (M.D. Pa. Nov. 14, 2005). "Relief from stay is justified to enable a case pending pre-petition in state court to continue to judgment where no great prejudice to the bankruptcy estate would result." *In re Kaufman*, 98 B.R. 214, 215 (Bank. E.D. Pa. 1989). More importantly, in the context of lifting the automatic stay in favor of a previously filed dissolution proceeding, courts have held that "the Bankruptcy Court is an inappropriate forum for the winding up" of the affairs of a business in dissolution. *Matter of Fitzgerald Group,* 38 B.R. 16, 18 (Bankr. S.D.N.Y. 1983). *See also, In re Williamsburg Suites, Ltd.*, 117 B.R. 216, 220 (Bankr. E.D. Va. 1990) (dismissing a bankruptcy petition in favor of a pre-petition dissolution proceeding on the basis that the business was in dissolution and "that there exists a comprehensive state law mechanism for deciding the significant issues facing the [dissolved business]").

26. Secondly, the Dissolution Action is nearly complete.  The hearing on the Plan was scheduled to take place this month and Durst is prepared to finalize and proceed with the Proposed Resolution which Edelman committed to its latest filings which would resolve the Members' dispute and resolve objections to the Plan.  A decision on the pending Plan is one of the last judicial steps to winding up the affairs of the Company.

27. Lastly, lifting the automatic stay to allow the Dissolution Action to proceed would be more

efficient and cost effective for the parties than to incur the additional and burdensome expense of bankruptcy proceedings. As the court in *In re Williamsburg Suites* noted "bankruptcy cases . . . are expensive." 117 B.R. 216, 220 (Bankr. E.D. Va. 1990). "The interests of the [Company] would best be served by permitting the state court to establish the respective interests and liabilities of the [members] in accordance with [state] law." *In re Williamsburg Suites*, 117 B.R. at 220.

### REQUEST FOR WAIVER OF BANKRUPTCY RULE 4001(a)(3)

28. Although Bankruptcy Rule 4001(a)(3) provides that an order granting a motion for relief from the automatic stay is stayed until the expiration of fourteen (14) days after entry of the order, the Court may order otherwise. Movant should be afforded stay relief immediately upon the entry of the Order requested. The Dissolution Action has been stayed since this bankruptcy filing and the automatic stay will delay the winding up of the affairs of the Company.

### RESERVATION OF RIGHTS

29. Movant reserves the ability to file a proof of claim in the above-captioned action and to assert any claim, defense, or counterclaim available under the United States Constitution, federal statutory law, federal common law, applicable state statutory or state common law, or in equity.

### NO PRIOR REQUEST

30. No prior application or motion for relief requested herein has been made to this or any other court.

**WHEREFORE**, Movant respectfully requests that this Court grant this Motion (I) For Entry of an Order Dismissing the Chapter 7 Case, or Alternatively, (II) For Entry of an Order Staying the Chapter 7 Case and Granting Relief From the Automatic Stay, Pursuant to Section 362(d)(1) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), (a) To Continue Dissolution Proceedings  Pending in Delaware Court of Chancery, and (b) To Permit

Durst to Move in Delaware Court of Chancery for an Order Determining That the Court of Chancery Appointed Liquidating Trustee Was Not Authorized to File the Dissolved Debtor for Chapter 7 Bankruptcy, and granting such other and further relief as this Court may deem is just and proper.

Dated: July 28, 2022

**THE BIFFERATO FIRM, P.A.**

/s/ Ian Connor Bifferato
Ian Connor Bifferato (#3272)
Kimberly L. Gattuso
1007 N. Orange St, 4th Fl, The Mill
Wilmington, DE 19801
Telephone: (302) 225-7600
Email: cbifferato@tbf.legal
Email: kgattuso@tbf.legal

**ROSENBERG & ESTIS, P.C.**

/s/ John D. Giampolo
John D. Giampolo
733 Third Avenue
New York, NY 10017
Tel: (212) 551-1273
Email:jgiampolo@rosenbergestis.com

*Attorneys for Movant*