IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| ARTEMUS USA, LLC, | ) Case No. 22-10281 (JKS) |
| | ) |
| Debtor. | ) |
| | ) |

**DECLARATION IN SUPPORT OF MOTION OF DURST BUILDINGS CORPORATION (I) FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 7 CASE, OR, ALTERNATIVELY, (II) FOR ENTRY OF AN ORDER STAYING THE CHAPTER 7 CASE AND GRANTING RELIEF FROM THE AUTOMATIC STAY (a) TO CONTINUE DISSOLUTION PROCEEDINGS CURRENTLY PENDING IN DELAWARE COURT OF CHANCERY, AND (b) TO PERMIT DURST TO MOVE IN DELAWARE COURT OF CHANCERY FOR AN ORDER DETERMINING THAT THE COURT OF CHANCERY APPOINTED LIQUIDATING TRUSTEE WAS NOT AUTHORIZED TO FILE THE DISSOLVED DEBTOR FOR CHAPTER 7 BANKRUPTCY**

I, Ian Connor Bifferato, Esq., hereby declare as follows:

1. I am a member of The Bifferato Firm, counsel for Durst Buildings Corporation ("Movant" or "Durst"), as creditor and 50% membership interest holder of the above-captioned Debtor, Artemus USA, LLC.

2. I submit this declaration, pursuant to Local Rule 4001-1(c), in support of Movant's accompanying Motion (I) For Entry of an Order Dismissing the Chapter 7 Case, or Alternatively, (II) For Entry of an Order Staying the Chapter 7 Case and Granting Relief From the Automatic Stay, Pursuant to Section 362(d)(1) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), (a) To Continue Dissolution Proceedings Pending in Delaware Court of Chancery, and (b) To Permit Durst to Move in Delaware Court of Chancery for an Order Determining That the Court of Chancery Appointed Liquidating Trustee Was Not Authorized to File the Dissolved Debtor for Chapter 7 Bankruptcy (the "Motion")[1].

---

[1] Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3. On July 19, 2021, Edelman, as 50% membership interest holder and former manager of the Debtor, instituted the Dissolution Action in Delaware Court of Chancery seeking an order (1) declaring that Artemus USA LLC is dissolved pursuant to the Company's operating agreement and 6 *Del. C.* §§ 18-801, 18-802 and (2) appointing a liquidating trustee to wind up the business and affairs of the Company pursuant to 6 *Del. C.* § 18-803.

4. On October 21, 2021, Edelman and Durst (each a "Member"), which together comprise 100% of the Debtor's membership interests, filed in the Dissolution Action a *Stipulation and [Proposed] Order Dissolving Artemus USA LLC and Appointing Liquidation Trustee*.

5. Attached hereto as **Exhibit A** is a true and correct copy of the *Stipulation and [Proposed] Order Dissolving Artemus USA LLC and Appointing Liquidation Trustee* (defined as the Dissolution Order) which was approved and entered on October 25, 2021 by the Delaware Court of Chancery, which, among other things, formally dissolved the Debtor and appointed the Liquidating Trustee "to wind up the [Debtor]'s business and affairs in accordance with th[e] Order and Delaware law." *See* Dissolution Order at ¶3.

6. Attached hereto as **Exhibit B** is a true and correct copy of the redacted version of the proposed dissolution Plan which was publicly filed in the Delaware Court of Chancery on December 31, 2021, by the Liquidating Trustee. The unredacted version is available for *in-camera review* by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

7. On February 23, 2022, each of the Members filed an objection to the Liquidating Trustee's proposed Plan in the Delaware Court of Chancery. On March 8, 2022, each of the Members filed a reply to each other's objection. On March 21, 2022, the Delaware Court

- 3 -

of Chancery scheduled a June 3, 2022 hearing for the proposed Plan, as well as for the objections and replies thereto.

8. While the Members had previously been unable to resolve their disputes and objections to the proposed Plan, Edelman's March 8, 2022 Reply to Durst's Objection concluded by requesting the relief that became the core terms of a proposed agreement (the "Proposed Resolution") to resolve the Members' disputes and Plan objections and for consensual modification of the Plan.

9. Attached hereto as **Exhibit C** is a true and correct copy of Edelman's March 8, 2022, Reply filed in the Delaware Court of Chancery.

10. In April 2022, Members were working to resolve the dissolution action. On March 8, 2022, Edelman filed a Reply, which set forth the Proposed Resolution, which would have formed a resolution with Durst. Before the Members could confirm agreement to the Proposed Resolution, on April 2022, without consent from the Members or the Delaware Court of Chancery, which had appointed the Liquidating Trustee, the Liquidating Trustee caused the Company to file a voluntary petition for relief under chapter 7 of title 11 of the United States Code in the Bankruptcy Court.

11. Thereafter, Members separately engaged in communications with the Liquidating Trustee, the Chapter 7 Trustee and his attorneys, in which Durst specifically suggested their consent to dismissal of this Chapter 7 bankruptcy to allow the Proposed Resolution to be consummated in the Dissolution Action. Having been unable to obtain their consent, Durst now brings the Motion.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 28, 2022                     */s/ Ian Connor Bifferato*
                                         Ian Connor Bifferato (#3272)