# EXHIBIT A

**GRANTED**

EFiled: Oct 25 2021 04:25PM EDT
Transaction ID 67042280
Case No. 2021-0626-JTL

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| EDELMAN FAMILY CO. LLC, | ) |
| Petitioner, | ) |
| v. | ) C.A. No. 2021-0626-JTL |
| DURST BUILDINGS CORPORATION, | ) |
| Respondent, | ) |
| and | ) |
| ARTEMUS USA LLC, | ) |
| Nominal Respondent. | ) |

### STIPULATION AND [PROPOSED] ORDER DISSOLVING ARTEMUS USA LLC AND APPOINTING LIQUIDATING TRUSTEE

It is hereby STIPULATED AND AGREED, this _____ day of _____, 2021, between petitioner Edelman Family Co. LLC and respondent Durst Building Corporation, by and through their undersigned counsel, subject to approval of the Court, as follows:

1. <u>Dissolution</u>. Artemus USA LLC, a Delaware limited liability company (the "Company"), is hereby dissolved.

2. <u>Members and Membership Agreement</u>. At all times relevant, the Members of the Company include only Petitioner Edelman Family Co. LLC and

1

Respondent Durst Building Corporation, each holding an equal 50% interest in the Company (individually, a "Member", and collectively, the "Members").

3. <u>Appointment of Trustee</u>.  Richard L. Renck, Esq.is hereby appointed to serve as liquidating trustee of and for the Company (the "Trustee") to wind up the Company's business and affairs in accordance with this Order and Delaware law.

4. <u>Disposition of Non-Cash Assets</u>.  Within sixty (60) days of the entry of this Order, the Trustee shall file with the Court and serve upon all Members a written plan to liquidate the Company's non-cash assets (the "Plan of Liquidation") including, without limitation, artwork, personal property, accounts receivable, judgments, and litigation claims.  Any Member objecting to the Plan of Liquidation shall file its objection within fourteen (14) days of the filing of the Plan of Liquidation.

5. <u>Bank Account</u>.  The Trustee shall deposit all revenues from the sale or disposition of the Company's assets, regardless of how such assets are sold, (the "Proceeds"), into an escrow account maintained by the Trustee, which may be the Trustee's Rule 1.15 IOLTA account (the "Escrow Account").  The Trustee shall have sole control over the Company's bank accounts (the "Accounts") and the Company shall assist Trustee in establishing signature authority over such Accounts. At the Trustee's discretion, funds from the Accounts may be transferred to the Escrow Account.

6. <u>Employees</u>.  The Trustee shall have the exclusive authority to hire or fire employees of the Company as he deems reasonable.

7. <u>Authority to Retain Professionals</u>.  If the Trustee determines in his reasonable business judgment that the Company requires the assistance of professionals, the Trustee is authorized to retain accountants, attorneys, and other professionals as the Trustee deems necessary in carrying out the Trustee's duties to maximize return for the Members.

8. <u>General Powers</u>.  The Trustee shall have all powers generally available to a Trustee appointed pursuant to 6 *Del. C.* § 18-805, unless any such power would be inconsistent with a specific provision of this Order, in which case this Order shall govern.  The Trustee shall have full and unrestricted access to all books and records of the Company and to the record in this proceeding and in any other litigation to which the Company is a party.

9. <u>Authority to Act on Behalf of Company</u>.  The Trustee is authorized to act through and in the name of the Company to carry out the Trustee's duties.  The Trustee is authorized to execute and deliver (or cause to be executed and delivered) any document in the name of the Company, including but not limited to contracts, deeds, other documents of title, and regulatory, administrative, and governmental filings.  The Trustee shall have the sole and exclusive authority to prosecute any claims on the Company's behalf.

10. <u>Reports to and Consultation with Constituencies</u>.  The Trustee may, to the extent deemed practical or necessary by the Trustee, consult with Company constituencies, including current or former managers, officers, members, creditors, and employees, with respect to the performance by the Trustee of the Trustee's duties hereunder, but shall not be subject to the direction or control of any company constituency and shall not be required to take any course of action that any company constituency otherwise would or would not take.

11. <u>Cooperation</u>.  The appointment of the Trustee hereunder is binding upon the managers, officers, employees, agents, and Members of the Company, who shall not interfere with the Trustee in the performance of the Trustee's duties.  No party to this action, and no other person acting or purporting to act as a manager, officer, employee, agent, or Member of the Company, shall institute any proceeding in any forum other than this Court challenging any action, recommendation, or decision by the Trustee.  During the pendency of the Trusteeship, no Member, manager or officer of the Company may take any action to harm the Company's reputation or standing in its industry, or otherwise diminish the value of the Company's goodwill, lines of business, or other assets.

12. <u>Reimbursement of Member Litigation Expenses</u>.  Notwithstanding any other provision herein to the contrary, within ten (10) days of the entry of this Stipulation and Order, each Member shall receive payment from the Company in the

amount of $40,000 per Member, which payment, the Members agree, represents at least part of the litigation costs and expenses incurred by each Member in seeking dissolution and/or the appointment of a liquidating trustee, or defending against such related claims to date, provided however that (i) such payments to each Member shall not establish, limit, compromise or defeat either Member's ability to seek reimbursement or indemnity for any additional amounts to which such Member may be entitled, subject to review by the Trustee and the other Member and any objection or opposition that the Trustee or other Member may assert, and (ii) each such payment shall be delivered simultaneously to each Member in full such that the Company may not deliver payment of any amount to any Member pursuant to this paragraph without simultaneously delivering the same amount to the other Member.

13. <u>Exculpation, Indemnification and Advancement</u>. The Trustee shall have no liability to the Company, its Members, or any other person for actions taken in good faith pursuant to this Order. The Trustee shall be entitled to all protection, limitation from liability, and immunity available at law or in equity to a Court-appointed Trustee including, without limitation, all protection, limitation from liability, and immunity provided by the indemnification provisions of applicable law. Expenses, including attorneys' fees, incurred by the Trustee in defending any civil, criminal, administrative, or investigative action, suit, or proceeding arising by reason of or in connection with the Trustee's designation as Trustee for the

Company, or the performance of the Trustee's duties hereunder, shall be paid by the Company in advance of the final disposition of such action, suit, or proceeding subject to the repayment of such amount if it shall be ultimately determined by this Court that the Trustee is not entitled to be indemnified by the Company under applicable Delaware law.

14. <u>Standard of Review</u>.  The Trustee shall exercise reasonable business judgment, act on an informed basis, in good faith, and in the honest belief that such actions taken were in the best interests of the Company.  All interim actions of the Trustee shall be subject to review and reversal by the Court only upon a showing of bad faith.

15. <u>Plan of Dissolution and Distribution</u>.  The final plan of dissolution (the "Plan") shall be implemented only with approval of the Court.  The Trustee shall seek approval from the Court for the Plan.  Prior to making any distributions under the Plan, the Trustee shall close the Accounts and transfer all funds into the Escrow Account.  Distributions under the Plan shall be made from the Escrow Account.  The Plan shall account for all assets and liabilities of the Company existing as of the time the Plan is submitted and provide for disbursements from the Escrow Account shall be made as follows:

    a. First, to satisfy any funds owed to the Trustee or expenses of the Trusteeship.

    b. Second, to fund a reserve sufficient to pay any franchise tax or filing fee that the Company shall be required to pay under the laws of Delaware in connection with its dissolution and the cancellation of its qualification to do business.

    c. Third, to known creditors in satisfaction of any Claim brought before the Claim Deadline, including but not limited to any timely Claim asserted by a Member for indemnification or reimbursement.

    d. Fourth, to the Company's Members on a pro rata basis and as provided by the Company's Second Amended and Restated Operating Agreement dated September 12, 2017.

16. <u>Objections to Plan</u>.  Any objections to the Plan, or objections to any Claim asserted under Paragraph 14 of this Stipulation and Order, by a Member or other party with legal standing, shall be filed within ten (10) days after the Trustee's submission of the Plan and recommendations to the Court.  Objections shall not exceed fifteen (15) pages and shall be formatted consistent with the requirements of Court of Chancery Rule 171(d)(2) and (d)(3).  The Court will approve the Plan if (a) the Trustee has acted in good faith and (b) the Plan represents a rational approach for maximizing the value returned to the Members.

17. <u>Waiver of Duties and Bond.</u>  The provisions of Court of Chancery Rules 151-168, pertaining to the duties of a custodian, receiver and/or trustee, are hereby

waived.  The Trustee shall not be required to post a bond.  In lieu of these provisions, the Trustee shall provide interim reports to the Court at quarterly intervals from the date of this Order throughout the winding-up process.  The filing of the Plan of Liquidation and the Plan shall satisfy the Trustee's reporting requirement for the quarter in which such documents are filed.

STIPULATED AND AGREED TO, this 21st day of October 2021 by and between:

| **BERGER HARRIS LLP** | **THE BIFFERATO FIRM, P.A.** |
|---|---|
| */s/ Richard I. G. Jones, Jr.* | */s/ Ian Connor Bifferato* |
| Richard I. G. Jones, Jr. (No. 3301) | Ian Connor Bifferato (No. 3273) |
| David B. Anthony (No. 5452) | 1007 N. Orange St, 4thFl, The Mill |
| 1105 N. Market Street, 11th Floor | Wilmington, DE 19801 |
| Wilmington, DE 19801 | Telephone: (302) 655-1140 |
| Telephone: (302) 655-1140 | cbifferato@tbf.legal |
| Facsimile: (302) 655-1131 | |
| rjones@bergerharris.com | *Attorneys for Respondent* |
| danthony@bergerharris.com | |
| *Attorneys for Petitioner* | |

IT IS SO ORDERED:

_____
The Honorable J. Travis Laster

| | |
|---:|:---|
| | This document constitutes a ruling of the court and should be treated as such. |
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | J Travis Laster |
| **File & Serve Transaction ID:** | 67034684 |
| **Current Date:** | Oct 25, 2021 |
| **Case Number:** | 2021-0626-JTL |
| **Case Name:** | Edelman Family Co. LLC v. Durst Buildings Corporation |
| **Court Authorizer:** | J Travis Laster |

**Court Authorizer Comments:**

The parties are to be commended for reaching this result and for working out a thorough form of order.

**/s/ Judge J Travis Laster**