# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| ARTEMUS USA LLC, | : | Case No. 22-10281 (JKS) |
| | : | |
| Debtor. | : | RE: Docket Item 41 |
| | : | |

## ORDER (I) AUTHORIZING RETENTION OF AUCTIONEER AND (II) APPROVING CONSIGNMENT AGREEMENT AND SALE OF ASSETS PURSUANT THERETO

Upon consideration of the motion of Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") (i) authorizing him to retain Sotheby's as auctioneer and (ii) approving a consignment agreement and the sale of assets pursuant thereto (the "Motion")[1]; it appearing that the Court has jurisdiction or this matter; due notice of the Motion having been provided, and it appearing that no other or further notice need to provided; it further appearing that the relief sought in the Motion is fair, reasonable, and in the best interest of the Estate, its creditors, and all parties in interest; and after due deliberation and due and sufficient cause appearing therefor,

IT IS FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction over the Motion and the transactions contemplated by the Consignment Agreement pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Consignment Agreement (as defined herein).

29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      C.      Good and sufficient notice of the Motion and the relief sought therein has been given and no other or further notice is required.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to the parties in interest.

      D.      Sotheby's is disinterested as that term is defined in Section 101(14) of the Bankruptcy Code. Sotheby's does not hold an adverse interest in connection with the Debtor's case. Sotheby's retention is necessary and in the best interests of the Estate.

      E.      A sound business purpose justifies the Trustee's entering into the Consignment Agreement to facilitate the auctions and to sell the Artwork outside of the ordinary course of business.

      F.      The Trustee has obtained a fair and reasonable agreement for the consignment and sale of the Artwork.

      G.      The reserve prices (the "<u>Reserve Prices</u>") contemplated in the Consignment Agreement have been made available to the Court for in camera review and the Court is satisfied that the reserve prices are fair and reasonable under the circumstances of this bankruptcy case.

      H.      Consummation of the sale(s) on the terms set forth in the Consignment Agreement will provide the higher or otherwise best value for the Artwork and is in the best interests of the Estate.

      I.      The Consignment Agreement has been negotiated by the Trustee and Sotheby's in good faith and at arm's-length.

      J.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     Pursuant to Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 the Trustee is authorized to employ Sotheby's on the terms and conditions contained in the Consignment Agreement to conduct an auction and facilitate the sales of the Artwork. Compensation to be paid to Sotheby's for services rendered to the Estate shall be on the terms provided in the Motion and the Consignment Agreement, without necessity of further order from the Court.

3.     The Consignment Agreement is approved in its entirety.  The parties to the Consignment Agreement are authorized to implement and comply with all the terms, conditions and provisions of the Consignment Agreement.

4.     The Trustee is authorized to convey the Artwork as provided in and pursuant to the terms of the Consignment Agreement; any sale price obtained at auction for the Artwork in excess of the Reserve Price is hereby approved; and such conveyance shall be free and clear of all claims, liens, interests and encumbrances of any kind, with any such claims, liens, interests and encumbrances attaching to the net proceeds of the sale.  The Trustee is authorized to execute any reasonable and necessary documents to effectuate the transaction contemplated by the Consignment Agreement.

5.     With respect to the *Blyvoors*, the Trustee is authorized to sell such Artwork without prejudice to the rights, claims and defenses of the parties of the Blyvoors Litigation as discussed in the Motion. In the event that a judgment is entered against the defendants in the Blyvoors Litigation, such defendant shall receive a credit in the amount of the sale's net proceeds

to the Estate but, shall be responsible for, among other things, the deficiency between the amount of any judgment entered against the defendant and the Net Proceeds.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**Dated: December 30th, 2022**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**